

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George P. Hudson
County Attorney
Jones County
Anson, Texas

Dear Sir:

Opinion No. O-3909
Re: Articles 793 and 794,
V. A. C. C. P. - Working
prisoners on county projects.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"The commissioners court of Jones County desires to work convicts who are placed in the Jones County jail to lay out fines in mis-demeanor cases. At present they are placed in jail and allowed $3.00 per day for each day in jail, except when placed in jail to lay out a pecuniary fine assessed in Justice Court then they are given time and credit on their fine and costs under Art. 929 C. C. P., in no event can a person pay his fine by confinement in the county jail at less than 10 days, under said article.

"Under article 794 C. C. P. can the commissioners court of Jones County caused to worked prisoners who are placed in the county jail on mis-deameanor charges? Can they only work the prisoners ½ a day if they so desire? What they would like to do is to work the prisoners only in the mornings and if a prisoner refused to work and there is no excuse for such refusal then he will not be forced to work but will only be given credit for $1.00 for each day in

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT.

Honorable George P. Hudson, Page 2

jail that he refuses to work. If when such
convict is called to work and does work then
he shall be given credit of $3.00 per day on
his fine and costs. Can a prisoner refuse to
work and be punished for such refusal by the
court? Also Art. 793 C. C. P., Opinion O-147.

"Under Opinion O-1061, from your depart-
ment it is stated that the county does not
have the authority to work prisoners on the
city streets, because such is not public works
of the county. Now, can the commissioners
court order, that the city parks of the county
are in need of care and that there are creeks
in said parks that due to the stagnant water
and growth around such creeks in said parks,
said parks are a menace to health and order
that county prisoners be used to remove such
menace to the health of the people of the
county of Jones. I am unable to find any law
on the matter of how prisoners might be used
in any manner other than on county projects
and I would appreciate it if you might assist
me in this regard."

Article 793, V. A. C. C. P., reads as follows:

"When a defendant is convicted of a mis-
demeanor and his punishment is assessed at a
pecuniary fine, if he is unable to pay the fine
and costs adjudged against him, he may for such
time as will satisfy the judgment be put to
work in the workhouse, or on the county farm,
or public improvements of the county, as pro-
vided in the succeeding article, or if there
be no such workhouse, farm or improvements, he
shall be imprisoned in jail for a sufficient
length of time to discharge the full amount
of fine and costs adjudged against him; rating
such labor or imprisonment at Three Dollars
($3.00) for each day thereof."

Article 794, V. A. C. C. P., reads as follows:

"Where the punishment assessed in a con-
viction for misdemeanor is confinement in jail

for more than one day, or where in such conviction the punishment is assessed only at a pecuniary fine and the party so convicted is unable to pay the fine and costs adjudged against him, those so convicted shall be required to do manual labor in accordance with the provisions of this article under the following rules and regulations:

"1. Each commissioners court may provide for the erection of a workhouse and the establishment of a county farm in connection therewith for the purpose of utilizing the labor of said parties so convicted.

"2. Such farms and workhouses shall be under the control and management of the commissioners court, and said court may adopt such rules and regulations not inconsistent with the laws as they deem necessary for the successful management and operation of said institutions and for effectively utilizing said labor.

"3. Such overseers and guards may be employed under the authority of the commissioners court as may be necessary to prevent escapes and to enforce such labor, and they shall be paid out of the county treasury such compensation as said court may prescribe.

"4. Those so convicted shall be so guarded while at work as to prevent escape.

"5. They shall be put to labor upon the public roads, bridges or other public works of the county when their labor cannot be utilized in the county workhouse or county farm.

"6. They shall be required to labor not less than eight nor more than ten hours each day, Sundays excepted. No person shall ever be required to work for more than one year.

"7. One who refuses to labor or is otherwise refractory or insubordinate may be punished

by solitary confinement on bread and water or in such other manner as the commissioners court may direct.

"8. When not at labor they may be confined in jail or the workhouse, as may be most convenient, or as the regulations of the commissioners court may prescribe.

"9. A female shall in no case be required to do manual labor except in the workhouse.

"10. One who from age, disease, or other physical or mental disability is unable to do manual labor shall not be required to work, but shall remain in jail until his term of imprisonment is ended, or until the fine and costs adjudged against him are discharged according to law. His inability to do manual labor may be determined by a physician appointed for that purpose by the county judge or the commissioners court, who shall be paid for such service such compensation as said court may allow.

"11. One convicted of a misdemeanor whose punishment either in whole or in part is imprisonment in jail may avoid manual labor by payment into the county treasury of one dollar for each day of the term of his imprisonment, and the receipt of the county treasurer to that effect shall be sufficient authority for the sheriff to detain him in jail without labor."

Article 920, V. A. C. C. P., applicable to justice court convictions, reads as follows:

"A defendant placed in jail on account of failure to pay the fine and costs can be discharged on habeas corpus by showing:

"1. That he is too poor to pay the fine and costs, and

"2. That he has remained in jail a sufficient length of time to satisfy the fine and

Honorable George P. Hudson, Page 5

costs, at the rate of three dollars for each day.

"But the defendant shall, in no case under this article, be discharged until he has been imprisoned at least ten days; and a justice of the peace may discharge the defendant upon his showing the same cause, by application to such justice; and when such application is granted, the justice shall note the same on his docket."

We quote from opinion No. 0-1655 of this department as follows:

"The Court of Criminal Appeals has recognized a distinction between the credit to be allowed for service in jail under the two preceding statutes. Article 793, supra, applies to the satisfaction of judgment in misdemeanor cases in courts other than justice courts. See Ex Parte Fernandez, 57 S. W. (2d) 578; Ex Parte McLaughlin, 60 S. W. (2d) 786.

"In the Fernandez case, the relator, Fernandez, was convicted in the District Court of Nueces County, Texas, of a misdemeanor and his punishment assessed at a fine of $50.00 and costs, amounting to $16.00. Presiding Judge Morrow in this case wrote the following:

"'The chapter in which Article 920, supra, appears, is one having reference to a judgment of conviction in a criminal action before a justice of the peace. From what has been said it is apparent that the statutory enactments make a distinction on the subject at hand with reference to the conviction of a misdemeanor before the justice of the peace and the conviction of a misdemeanor in courts of higher jurisdiction. The reason for the distinction may be only a matter of conjecture. Since the statutory direction was definite in its terms, the duty of the court to

apply it as written is mandatory.
However, it may be said that the jus-
tice courts are limited by the Con-
stitution (Art. 5, Sec. 19) in crim-
inal matters to a fine not exceeding
$200.00, while under Article 5, Sec-
tion 16, other courts are given juris-
diction in misdemeanors of much higher
grade and with penalties far more severe.'

"In opinion No. O-1015 by Assistant Attor-
ney General Benjamin Woodall, directed to Hon-
orable Tom Seay, County Attorney, Potter County,
Amarillo, Texas, appears the following language:

"'In arriving at the proper credit
to be allowed for service in jail
under a conviction in the justice
court, we must observe the provisions
of Article 920, Code of Criminal
Procedure, supra, that "the defendant
shall, in no case, under this article,
be discharged until he has been im-
prisoned at least ten days;"

"'It is, therefore, our opinion that
a prisoner convicted in the justice
court, when his total fine and costs
is a sum under Thirty Dollars ($30.00)
should receive credit for only one-tenth
of the total amount for each day he
served * * *:

"In the McLaughlin case, 60 S. W. (2d) 786,
the relator was convicted in the corporation
court of El Paso, Texas, and his fine assessed
at Thirty Dollars ($30.00). In that case, it
was held that Article 793 was applicable, and
that Article 920, alone was applicable to con-
victions before the justice of the peace.

"From the holdings in the Fernandez case
and the McLaughlin case, and the recent opinion
delivered by Judge Kreuger in the Ex Parte
Ferguson case, it is apparent that a prisoner
is entitled to Three Dollars ($3.00) per day for

38

service in jail under a conviction of a
misdemeanor in any court.  The only dif-
ference in the applications of Articles
793 and 920 between the justice court and
other court convictions is that when a
prisoner is convicted in a justice court,
and serves his time in jail, 'he shall,
in no case, be discharged until he has
been imprisoned at least ten days.'"

We enclose herewith a copy of said opinion.

Opinion No. O-1061 of this department holds that
county prisoners cannot be worked on the public streets of
a city.

You are respectfully advised that it is the opin-
ion of this department:

1.  The Commissioners' Court has authority to work
county prisoners placed in jail who have been convicted of
misdemeanors.

2.  Section 6 of Article 794, supra, sets the work-
ing day at "not less than eight nor more than ten hours each
day, Sundays excepted."  Section 2 of said article provides
that the Commissioners' Court "may adopt such rules and regu-
lations not inconsistent with the laws as they deem necessary
for the successful management and operation of said insti-
tutions and for effectively utilizing said labor."  It is
our opinion that the Commissioners' Court should follow
Section 6 of Article 794, supra, and in no event work the
prisoners more than ten hours per day; however, if there is
not sufficient work to keep the prisoners busy for a full
day or if the court believes that their labor can be more
effectively utilized by working them one-half day, we can
see no reason why this would not be in substantial compliance
with the statute.

3.  Such prisoners must be given credit for $3.00
per day regardless of whether they work on county projects
or lay their fine and costs out in jail.  (Subject to the
limitations of Article 920, V. A. C. C. P., explained in
opinion No. 0-1655.)

4. Misdemeanor convicts whose punishment either in whole or in part is imprisonment in jail may avoid manual labor by payment into the county treasury of one dollar for each day of the term of his imprisonment, as provided by Section 11 of Article 794, supra.

5. If such prisoners refuse to work they may be punished by "solitary confinement on bread and water or in such other manner as the Commissioners' Court may direct." (See Section 7 of Article 794, supra.) However, it is our opinion that "such other manner" must be reasonable and not amount to cruel and unusual punishment.

6. If the Commissioners' Court is unable to secure labor from a prisoner after resorting to the remedy provided by Section 7 of the article, and the prisoner remains in jail, it is our opinion that the prisoner would still be entitled to credit at the rate of $3.00 per day (subject to the limitations of Article 920, V. A. C. C. P., as pointed out in opinion No. O-1655); and that the Commissioners' Court would have no authority to "dock" him $2.00 per day for each day he refused to work.

7. It is our further opinion that the Commissioners' Court has no authority to work such prisoners on the city park or any other city project. They must be worked on county projects.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

APPROVED AUG 5, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

WJF:CO

ENCLOSURE



APPROVED OPINION COMMITTEE BY BWB CHAIRMAN